# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-122V

Filed: August 7, 2017

```
* * * * * * * * * * * * * *
PAMELA O'NEAL,                        *        UNPUBLISHED
                                      *
            Petitioner,               *
v.                                    *
                                      *
SECRETARY OF HEALTH                   *        Decision on Interim Attorneys' Fees and
AND HUMAN SERVICES,                   *        Costs
                                      *
            Respondent.               *
                                      *
                                      *
                                      *
* * * * * * * * * * * * * *
```

*Andrew M. Krueger, Esq.*, Krueger & Hernandez S.C., Middleton, WI, for petitioner.
*Sarah C. Duncan, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On January 22, 2016, Pamela O'Neal ("Ms. O'Neal," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2]  Petitioner alleged that she suffered from Transverse Myelitis ("TM") as a result of receiving a Hepatitis B vaccination on March 11, 2013.  Petition ("Pet."), ECF No. 1

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 20, 2017, petitioner's counsel, Mr. Andrew Krueger, filed an Application for An Interim Award of Attorneys' Fees and Costs. Motion for Interim Fees. ECF No. 33. Mr. Krueger requests attorneys' fees in the amount of $30,297.50, and $16,232.90 in costs, for a total amount of $46,530.40. *Id*. at 2-3. Petitioner's counsel represented that petitioner incurred $400.00 in out-of-pocket for the filing fee. *Id*. at 3.

On August 7, 2017, respondent filed a response to petitioner's Motion for Interim Fees. Response to Pet. Motion for Interim Fees, ECF No. 34. Respondent provided no specific objection to the amount requested or hours worked, but instead "respectfully recommend[ed] that the special master exercise her discretion and determine reasonable award for attorneys' fees and costs." *Id*. at 3. On August 8, 2017, petitioner filed a reply, asserting that respondent provided no precise objection to her request. Pet. Reply, ECF No. 35.

## I. Procedural History

Petitioner filed her petition on January 22, 2016, and filed her medical records (Pet. Exs. 1-6) and a statement of completion two weeks later. ECF Nos. 8-9. The initial status conference was conducted on February 25, 2016. Petitioner was ordered to file the outstanding medical records addressed by respondent by April 25, 2016. Order, issued Feb. 25, 2016, ECF No. 10.

Between April and May of 2016, petitioner filed additional medical records (Pet. Exs. 7-9) and a statement of completion. ECF Nos. 11, 13-14. A status conference was held on June 28, 2016. Respondent was ordered to file a Rule 4 Report by July 28, 2016. Petitioner was to file an expert report by September 26, 2016. Order, issued Jun. 28, 2016, ECF No. 15.

Respondent filed a Rule 4 Report on July 28, 2016, stating that, "petitioner has not met her prima facie burden to show causation-in-fact, and this case should be dismissed." Resp. Rule 4 Report, ECF No. 16 at 9. On September 26, 2016, petitioner filed a motion for extension of time to file an expert report, which was granted. ECF No. 19. On October 11, 2016, petitioner filed an expert report from Dr. Yehuda Shoenfeld. Pet. Exs. 10-11, ECF No. 20.

A status conference was held on December 5, 2016. During the conference, petitioner's counsel stated that he was coordinating with petitioner's expert to properly highlight the medical literature referenced in his report. Petitioner was ordered to file the medical literature referenced by her expert by February 3, 2017. Respondent's responsive expert report was due by February 8, 2017. Order, issued Dec. 5, 2016, ECF No. 21.

Petitioner filed over 100 exhibits of medical literature (Pet. Exs. 12-135) on January 26, 2017. ECF Nos. 22-26. On February 2, 2017, respondent filed a motion for extension of time to file an expert report, which was granted. ECF No. 28. Respondent filed an expert report from Dr. Thomas P. Leist on March 8, 2017. ECF Nos. A-B.

A status conference was held on April 18, 2017. During the conference, petitioner's counsel stated that petitioner intended to file a supplemental report from Dr. Shoenfeld.

Petitioner was ordered to file Dr. Shoenfeld's expert report by May 18, 2017.  Order, issued Apr. 18, 2017, ECF No. 30.[3]

On June 28, 2017, petitioner filed a motion to substitute her current attorney of record, Mark L. Krueger for Andrew M. Krueger, which was granted.  ECF No. 31.  On July 17, 2017, petitioner's counsel filed a supplemental report from Dr. Shoenfeld and additional medical literature.  Pet. Exs. 136-140.

On July 20, 2017, petitioner filed an application for interim attorneys' fees and costs. Pet. App. for Interim Fees, ECF No. 33.  On August 7, 2017, respondent filed a response to petitioner's application for interim fees.  Response, ECF No. 34.  Respondent provided no specific objection to the amount requested or hours worked, but instead "respectfully recommend[ed] that the special master exercise her discretion and determine reasonable award for attorneys' fees and costs."  *Id*. at 3.  On March 28, 2017, petitioner filed a reply, asserting that respondent provided no precise objection and that the fees and costs were reasonable and necessary.  Pet. Reply, ECF No. 35.

## II. Applicable Legal Standards

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1).  If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic.  *Id*.; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013).  However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed.  § 15(e)(1).  Moreover, special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Humans Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010); *see Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act.  *Avera*, 515 F.3d at 1349.  Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate."  *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings.  *Id*.

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Id*. at 1348 (quoting *Blum*, 465 U.S. at 896 n.11).  This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).  There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum

---

[3] Dr. Shoenfeld's supplemental report was rescheduled to be filed by July 19, 2017, due to petitioner's counsel of record, Mark Krueger, passing away in May 2017.

jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate.  *Id.*  This is known as the *Davis County* exception.  *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (Fed. Cir. 2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).  For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience.  *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  The Office of Special Masters has issued a fee schedule that updates the *McCulloch* rates to account for inflation in subsequent years.[4]

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation."  *Avera*, 515 F.3d at 1348.  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries."  *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016).  While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary.  *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).  Clerical and secretarial tasks should not be billed at all, regardless of who performs them.  *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.  Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate.  *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases).  And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program."  *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016).  It is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Saxton*, 3 F.3d at 1522.  In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged.  *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Ultimately, special masters have substantial discretion in awarding fees and costs, and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *See Broekelschen*, 102 Fed. Cl. at 729.

---

[4] This fee schedule is posted on the court's website.  *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf [hereinafter *Hourly Rate Fee Schedule*].

## III. Discussion

### A.   Reasonable Hourly Rate

Petitioner requests $30,297.50 in attorneys' fees.  Pet Motion for Interim Fees. Tab 1, ECF No. 33-1.  The requested hourly forum rates, *see id.* at 13, are consistent with the rates previously found to be reasonable in cases involving petitioner's counsel.  *See, e.g.*, *Herrera v. Sec'y of Health & Human Servs.*, No. 15-651V, 2017 WL 1459002 (Fed. Cl. Spec. Mstr. Mar. 29, 2017).  Therefore, the undersigned awards attorneys' fees at the requested hourly rates.

### B.   Hours Reasonably Expended

Upon review of petitioner's application, the undersigned finds that some of the hours billed fall into the category of being "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1522.  For example, Mr. Andrew Krueger billed 5 hours to draft petitioner's application and affidavits.  Mr. Krueger has been filing applications for fees before the undersigned on a regular basis for several months and has continuously charged 5 hours for each application.  The undersigned finds the application as submitted should not have taken Mr. Krueger more than 2.5 hours to complete.  As such, the requested $30,297.50 should be reduced by $500.00 (2.5 hours at $200 per hour).  Accordingly, $29,797.50 is awarded in attorneys' fees.

### C.   Reasonable Costs

Petitioner requests a total amount of $16,232.90 in attorneys' costs.  ECF No. 33-1, Tab 2-3.  The requested costs consist of $13,000.00 in expert fees for Dr. Yehuda Shoenfeld, shipping costs, and medical record fees.  The undersigned finds petitioner's requested costs to be reasonable.

## IV. Total Award Summary[5]

Based on the reasonableness of petitioner's request for interim attorneys' fees and costs, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs and awards **a lump sum of $46,030.40**,[6] representing reimbursement for attorneys' fees and costs, **in the form of a check payable jointly to petitioner and petitioner's counsel, Andrew Krueger, Esq., and a lump sum of $400.00**, representing reimbursement for petitioner's payment of the

---

[5] As a general rule, interim fees and costs are not normally granted at this stage in a case that was filed a little over a year ago such as this case.  However, interim fees and costs are only being granted in this case due to the unfortunate death of Mark Krueger in May 2017 and the financial hardship that may have been placed on his law firm as a result of his death.

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

filing fee, **in the form of a check payable to petitioner**.  The clerk shall enter judgment accordingly.[7]

      **IT IS SO ORDERED.**

**<u>s/ Mindy Michaels Roth</u>**
Mindy Michaels Roth
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.