# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: January 5, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * | * | |
| PAMELA O'NEAL, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-122V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Interim Attorneys' Fees and Costs. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | * | |

John F. McHugh, Law Office of John McHugh, New York, NY, for petitioner.
Sarah C. Duncan, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On January 22, 2016, Pamela O'Neal ("petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that she suffered from transverse myelitis ("TM") as a result of the Hepatitis B vaccine she received on March 11, 2013. Petition at Preamble (ECF No. 1).

On November 14, 2020, petitioner filed a motion for interim attorney's fees and costs, requesting compensation in the amount of $78,726.15 for the attorney and paralegal who worked on her case. Petitioner's Application for Interim Attorney's Fees and Costs ("Pet. Mot."), filed Nov. 14, 2020 (ECF No. 103). Respondent filed his response on November 30, 2020, stating he

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

"respectfully recommends that the Special Master exercise discretion and determine a reasonable award."  Respondent's Response to Pet. Mot., filed Nov. 30, 2020, at 5 (ECF No. 104).

On December 17, 2020, petitioner filed an amended application, adding a request for fees and costs of petitioner's counsel's predecessor firm.  Petitioner's Amended Mot. ("Pet. Am. Mot."), filed Dec. 17, 2020 (ECF No. 107).  Petitioner's request can be summarized as follows:

**Law Office of John McHugh:**
**Fees** – $72,676.15
**Costs** – $6,050.00

**Krueger & Hernandez SC:**
**Fees** – $2,800.00
**Costs** – $25.00

Petitioner thus requests a total of $81,551.15.  Respondent filed his response to petitioner's amended application on December 30, 2020, fulling incorporating his previous response.  Respondent's Response to Pet. Am. Mot., filed Dec. 30, 2020, at 1 (ECF No. 108).

This matter is now ripe for adjudication.  For the reasons discussed below, the undersigned **GRANTS IN PART** petitioner's motion and awards **$44,631.93** in attorneys' fees and costs.

### I. DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id.  If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id.  Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim."  Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis.  Moreover, the undersigned finds that an award of interim attorney's fees and costs is appropriate here where there are significant expert fees to be paid.

#### A.   Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera, 515 F.3d at 1349.  Using the lodestar

approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729(Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

### 1. Hourly Rates: Mr. John McHugh

Here, petitioner requests the following hourly rates for the attorney and paralegal who worked on this matter:

**John F. McHugh – Attorney**
    2018: $455.00
    2019: $464.00
    2020: $484.00

**Paralegal**
    $150.00[3]

The undersigned finds Mr. McHugh's requested rates for 2018, 2019, and 2020 excessive. First, the undersigned notes that she has previously awarded Mr. McHugh a rate of

---

[3] The paralegal's entries do not contain a year in which the work was completed and billed. See Pet. Mot. at 11.

3

$430.00 per hour for 2018. See Deisher v. Sec'y of Health & Hum. Servs., No. 17-294V, 2019 WL 5598368, at *3 (Fed. Cl. Spec. Mstr. Oct. 2, 2019). Additionally, Mr. McHugh was awarded this same rate for 2018 by another special master. See Kottenstette v. Sec'y of Health & Hum. Servs., No. 15-1016V, 2019 WL 5709372, at *4 (Fed. Cl. Spec. Mstr. Oct. 11, 2019). The undersigned finds $430.00 to be an appropriate rate for work performed by Mr. McHugh in 2018, and thus, decreases his 2018 rate by $25.00 per hour, from $455.00 to $430.00.

Mr. McHugh's 2019 rate of $464.00 per hour for 2019 has previously been found to be excessive. See Kottenstette, 2019 WL 5709372, at *4. The special master in Kottenstette declined to award the maximum rate permitted for 2019 because he found nothing in the docket to "suggest that Mr. McHugh's rates should be substantially increased . . . or that counsel's experience and competency have significantly changed over the remaining course of the case." Id. Instead, Mr. McHugh was awarded $454.00 per hour for 2019. Id. After a review of the docket in this case, the undersigned finds a rate of $464.00 excessive. Here, like in Kottenstette, Mr. McHugh's experience and competence are not significantly greater than they have previously been. Therefore, the undersigned finds a rate of $454.00 for 2019 to be reasonable, decreasing Mr. McHugh's 2019 rate by $10.00, from $464.00 to $454.00.

Lastly, the undersigned determines Mr. McHugh's requested rate of $484.00 per hour for 2020 to be excessive. The top rate for an attorney with more than 31 years of experience, like Mr. McHugh, in 2020 is $484.00. Petitioner argues counsel should be awarded the top rate because Mr. McHugh's "hourly rate outside this program is $500 per hour," which "is above the maximum allowed." Pet. Mot. at 3. The undersigned finds that Mr. McHugh's experience and competence do not warrant the top rate for an attorney in the Program. Since this case was reassigned to the undersigned in March 2020, counsel has had issues filing documents correctly. See Order dated Apr. 3, 2020 (ECF No. 85); Order dated Apr. 8, 2020 (ECF No. 88). Counsel also experienced issues correctly filing documents before this case was reassigned to the undersigned. For the above reasons, the undersigned finds Mr. McHugh's hourly rate to be $460.00 for 2020, decreasing his rate by $24.00 per hour, from $484.00 to $460.00.

Petitioner also requested an hourly rate of $150.00 per hour for work done by a paralegal. The undersigned and other special masters have previously awarded $125.00 per hour to Mr. McHugh's paralegal in the past. See, e.g., Deisher, 2019 WL 5598368, at *3; Kottenstette, 2019 WL 5709372, at *6; Miles v. Sec'y of Health & Hum. Servs., No. 12-254V, 2018 WL 4704473, at *2-3 (Fed. Cl. Spec. Mstr. Sept. 7, 2018). Because there is no year associated with any of the paralegal's billing entries and no explanation as to why a rate increase should be awarded, the undersigned awards $125.00 per hour for work done by a paralegal based on prior awards.[4] This results in a $25.00 per hour decrease.

### 2. Hourly Rates: Krueger & Hernandez SC

Here, petitioner requests the following hourly rates for the attorneys and paralegal from her former firm who worked on this matter:

---

[4] If petitioner seeks more than he has been awarded in the past, then he shall provide complete dates for billing entries, request an increase, and provide support for such increase.

**Andrew M. Krueger – Attorney**
    2017: $200.00
    2018: $200.00

**Stephanie A. Schmitt – Attorney**
    2017: $200.00
    2018: $200.00

**Renee Nehring – Paralegal**
    2017: $140.00
    2018: $140.00

The undersigned finds that the requested rates are reasonable and in accordance with what these attorneys and paralegal have previously been awarded for their Vaccine Program work. See, e.g., O'Neal v. Sec'y of Health & Hum. Servs., No. 16-122V, 2017 WL 4173720, at *3 (Fed. Cl. Spec. Mstr. Aug. 7, 2017); Stippich v. Sec'y of Health & Hum. Servs., No. 16-1595V, 2018 WL 7049403, at *1 (Fed. Cl. Spec. Mstr. Dec. 7, 2018); Quance v. Sec'y of Health & Hum. Servs., No. 14-271V, 2018 WL 7017750, at *2 (Fed. Cl. Spec. Mstr. Dec. 13, 2018). The undersigned will therefore award the rates requested.

    **3.    Reduction of Billable Hours: John McHugh**

The undersigned has reviewed the hours billed and determines that a reduction in the hours billed is appropriate.

    **a.    Administrative Work**

Mr. McHugh billed 20.15 hours[5] between 2018-2020 for performing administrative tasks such as filing documents, preparing and filing exhibits and exhibit lists, "download[ing] entire file," and organizing and indexing exhibits. Attorneys may be compensated for non-attorney level work at a paralegal rate. Doe 11 v. Sec'y of Health & Hum. Servs., No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (clarifying "that it is the nature of the work, not the title or education of the person performing it, that determines whether it is legal, paralegal, or secretarial/clerical in nature"); Riggins v. Sec'y of Health & Hum. Servs., No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009), aff'd, 406 F. App'x 479 (Fed. Cir. 2011). However, billing for some administrative tasks, even at a paralegal rate, is not permitted. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates").

The undersigned will only compensate Mr. McHugh for half of the time billed for performing paralegal work, as the time it took him to perform some of these tasks suggests a paralegal could have completed these tasks in a more efficient manner. For example, Mr.

---

[5] This amount does not include block billing entries that were spent reviewing or filing records as well as various other tasks.

5

McHugh spent 6.65 hours "[c]ontinu[ing] organizing" and indexing articles and exhibits in September 2019 and 7.3 hours preparing and editing an exhibit list on April 13, 2020. Additionally, some of these tasks are noncompensable. For example, Mr. McHugh spent one hour refiling a corrected motion on December 21, 2018, 3.2 hours "[d]ownload[ing] entire file" on April 14, 2019, 0.7 hours filing missing literature on April 2, 2020, one hour filing exhibits on April 3, 2020, and 0.3 hours on April 13-14, 2020 filing an exhibit list and statement of completion, none of which are compensable. The undersigned will thus compensate Mr. McHugh at the paralegal rate of $125.00 per hour for one-half of the compensable tasks.[6]

Mr. McHugh's paralegal also billed 41.2 hours of her 57 hours for performing administrative tasks such as printing documents and articles, purchasing binders, hole punching documents, putting documents in binders, placing dividers in binders, highlighting medical documents, making copies, organizing documents, and showing documents to Mr. McHugh. These entries are noncompensable, excessive, and some constitute block billing.[7] Therefore, the undersigned will not award compensation for this time, resulting in a reduction of $5,150.00.[8]

### b. Vague, Excessive, Irrelevant, and Block Billing

Mr. McHugh spent 46.55 hours (32.3 hours in 2019 and 14.25 hours in 2020) reviewing records, looking for missing records or gaps in the medical records, and obtaining missing records. The undersigned finds the time spent on this task excessive. For example, on April 16, 2019, Mr. McHugh spent 8.35 hours reviewing records. On the following day, April 17, 2019, he spent another 3.5 hours "[a]ttempt[ing] to determine what documents are still in evidence." This continues into 2020, where Mr. McHugh billed 13.5 hours for reviewing records and looking for gaps in the records on March 13, March 25, March 26, April 1, and April 2, 2020.

Mr. McHugh concedes that a significant amount of time was spent reviewing the records, looking for deficiencies and gaps. Given the excessive amount of time counsel has spent reviewing records since 2018, and the fact that records remain outstanding, the undersigned will compensate Mr. McHugh for half of this time.[9]

Mr. McHugh billed 1.1 hours for status conferences on February 5, 2019 and June 16, 2019, but no status conferences were held on or around these dates. Mr. McHugh also billed 1.6 hours "[r]eview[ing] articles cited by Shoenfeld refile only relevant" on June 5, 2019, but nothing was filed until October 2019. Additionally, Mr. McHugh billed 1.4 hours for drafting a

---

[6] Here, 13.95 of the 20.15 hours are compensable, which is 6.65 hours in 2019 and 7.3 hours in 2020. Thus, only 6.975 hours (13.95 x 0.5) will be compensated at $125.00 per hour.

[7] For example, the June 12 billing entry states "placed dividers in binders and wrote summary sheets."

[8] 41.2 hours x $125.00 = $5,150.00.

[9] 46.55 hours (32.3 hours in 2019 and 14.25 hours in 2020) x 0.5 = 23.275 hours (16.15 hours in 2019 and 7.125 hours in 2020).

status report on March 23, 2020, but no status report was filed that month.[10] The undersigned will not compensate for any of this time.

Mr. McHugh spent 8.85 hours on October 6, October 8, and October 10, 2019 drafting, proofing, editing, and filing a status report, notice of filing, exhibits, index of Exhibit 10a, and authorization for subpoenas. Additionally, Mr. McHugh billed 0.5 hours on April 16, 2020 for "[r]eceive and review Ex. 164, file" and 2.4 hours on January 31, 2020 for reviewing expert reports, a telephone conference with petitioner, and an email regarding missing records. These entries constitute block billing and contain noncompensable administrative tasks such as filing.

"It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable." Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989)); see also Broekelschen, 102 Fed. Cl. at 729. The issue of block billing is not a new issue to Mr. McHugh. See, e.g., Mostovoy, 2016 WL 720969, at *6. Thus, the undersigned will only compensate 50% of this time.[11]

Lastly, various entries from 2020 are vague and/or excessive. For example, 1.2 hours on March 12, 2020 were spent responding to Dr. Kinsbourne's requests, but it is not clear what Dr. Kinsbourne requested and how Mr. McHugh assisted. From March 24 to March 26, 2020, 8.8 hours were spent reviewing Harrisons, "seeking material on TM," or "[s]earch[ing] internet for diagnostic techniques for TM."

Mr. McHugh billed four hours for "[s]tatus report draft" and "[s]tatus report and statement of completion" on April 2 and April 3, 2020, but it is not clear whether this time was spent drafting and/or filing a status report and/or statement of completion. Additionally, 0.5 hours were billed on April 3, 2020 for "[r]evies" Dr. Kinsbourne's report. The undersigned finds this entry vague; it is not clear whether Mr. McHugh was reviewing or revising Dr. Kinsbourne's report. On that same day, April 3, 2020, 1.1 hours were billed for "[e]dit-revise report." These entries are vague, and the undersigned will only compensate for half of this time.[12]

### 4. Reduction of Billable Hours: Krueger & Hernandez SC

The undersigned has reviewed the hours billed and determines that a reduction in the hours billed is appropriate because various entries bill for administrative tasks and/or constitute block or double billing.

---

[10] The undersigned notes that a status report was filed on April 3, 2020, but Mr. McHugh billed four hours for "[s]tatus report draft" and "[s]tatus report and statement of completion" on April 2 and April 3, 2020.

[11] 11.75 hours (8.85 hours in 2019 and 2.9 hours in 2020) x 0.5 = 5.875 hours (4.425 hours in 2019 and 1.45 hours in 2020).

[12] These hours equal 15.6 hours, and thus only 7.8 hours (15.6 hours x 0.5) will be compensated.

For example, Ms. Schmitt billed 0.3 hours for "[d]raft and E-file Motion for extension to file supplemental expert report." Ms. Nehring billed one hour for "[d]raft Notice of Filing and prepared medical literature to e-file; e-mail to Attorney Duncan regarding dates requested by Special Master for Telephone Status Conference." Ms. Nehring also billed 1.4 hours for "[f]inalize and E-file Motion to Strike," "[d]raft and E-file medical literature," and "[d]raft Notice of Filing and Efile Expert Report." Additionally, Mr. Krueger billed for "[r]eview Dr. Schoenfeld's report" on both July 2 and July 5, 2018.

These entries constitute block or double billing and/or contain noncompensable tasks. While these block billing entries have elements that are compensable, it is impossible to determine how much time was expended to each individual task in each entry. This issue is not new to Krueger & Hernandez. See, e.g., Quance, 2018 WL 7017750, at *3. Thus, the undersigned will deduct these entries[13] by 50%, resulting in a deduction of $884.00.

### B. Attorneys' Costs

#### 1. Expert Fees: Mr. John McHugh

Petitioner requests $6,050.00 for work performed by Dr. Marcel Kinsbourne, which was a total of 12.1 hours, billed at an hourly rate of $500.00, including a $2,000.00 retainer fee paid to Dr. Kinsbourne. Pet. Mot. at 12.

Dr. Kinsbourne has previously been awarded $500.00 per hour for his vaccine program work. See, e.g., Jaafar v. Sec'y of Health & Hum. Servs., No. 15-267V, 2019 WL 2265329 (Fed. Cl. Spec. Mstr. Apr. 26, 2019); Pember v. Sec'y of Health & Hum. Servs., No. 15-1005V, 2018 WL 3981514 (Fed. Cl. Spec. Mstr. June 28, 2018); Simon v. Sec'y of Health & Hum. Servs., No. 05-941V, 2008 WL 623833 (Fed. Cl. Spec. Mstr. Feb. 21, 2008); Fuller ex. rel. B.F. v. Sec'y of Health & Hum. Servs., No. 15-1470V, 2019 WL 4648907, at *3 (Fed. Cl. Spec. Mstr. Aug. 26, 2019). Therefore, the undersigned will award the requested fee in full.[14]

#### 2. Miscellaneous Costs: Krueger & Hernandez SC

Petitioner requests $25.00 to cover her former firm's expenses for copies. Pet. Am. Mot. at 10. The undersigned finds these costs reasonable and will award them in full.

---

[13] The entries listed above are examples and do not constitute an exhaustive list.

[14] The undersigned notes that Dr. Kinsbourne charged 3.0 hours for "[r]eview report by Dr. Schoenfeld and multiple references" in March 2020, but billed 0.3 hours. Pet. Mot. at 12. The undersigned awarded the amount billed for this entry ($150.00), but notes that counsel may request the unawarded difference (2.7 hours) in the final fees request, along with an affidavit from Dr. Kinsbourne noting the discrepancy in his bill.

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioner and her counsels as follows:

**Law Office of John McHugh:**

| | |
|---|---|
| Requested Attorneys' Fees: | $ 72,676.15 |
| Reduction of Attorneys' Fees: | - ($ 36,035.23) |
| Awarded Attorneys' Fees: | $ 36,640.93[15] |
| | |
| Requested Attorneys' Costs: | $ 6,050.00 |
| Awarded Attorneys' Costs: | $ 6,050.00 |

**Krueger & Hernandez SC:**

| | |
|---|---|
| Requested Attorneys' Fees: | $ 2,800.00 |
| Reduction of Attorneys' Fees: | - ($ 884.00) |
| Awarded Attorneys' Fees: | $ 1,916.00 |
| | |
| Requested Attorneys' Costs: | $ 25.00 |
| Awarded Attorneys' Costs: | $ 25.00 |

**Total Interim Attorneys' Fees and Costs:**   **$ 44,631.93**

**Accordingly, the undersigned awards:**

**(1) A lump sum in the amount of $42,690.93, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Mr. John McHugh.**

**(2) A lump sum in the amount of $1,941.00, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's former firm, Krueger & Hernandez SC.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[16]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[15] The undersigned reduced several of Mr. McHugh's hours by 50%, resulting in some hours being reduced to three decimal places. Thus, the reduction and award amount are off by one cent.

[16] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.